```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION
```

```
ROBERT D. GLOVER,                  :    HABEAS CORPUS
GDC ID 813029,                     :    28 U.S.C. § 2254
      Petitioner,                  :
                                   :
      v.                           :    CIVIL ACTION NO.
                                   :    1:14-CV-2726-TWT-ECS
BRIAN OWENS and GEORGIA            :
DEPARTMENT OF CORRECTIONS,         :
      Respondents.                 :
```

**FINAL REPORT AND RECOMMENDATION**

State inmate Robert D. Glover has filed a pro se "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" in which he asserts that his release date has been improperly calculated because the Georgia Department of Corrections has not given him credit for time he spent in pretrial detention. See [Doc. No. 1]; see also O.C.G.A. §§ 17-10-11 to 12. Because this claim should have been brought in a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 rather than in a § 1983 complaint, the Clerk is **DIRECTED** to recategorize this case as a habeas corpus action.

It is generally a prerequisite to filing a federal habeas petition that a state prisoner first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In Georgia, a state prisoner may challenge the computation of "credit for time served prior to trial . . . in a mandamus or injunction action against the Commissioner of the Department of Corrections or in a petition for habeas corpus." Adams v. State,

AO 72A
(Rev.8/82)

728 S.E.2d 711, 713 (Ga. Ct. App. 2012). Mr. Glover's petition states only that he "wrote the Sentence Computation Board," [Doc. No. 1 at 2], indicating that he did not pursue relief potentially available to him through the Georgia state courts before coming to this Court.

Because "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," 28 U.S.C. foll. § 2254, Rule 4, the undersigned **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE** to permit Mr. Glover to first exhaust available state remedies.

The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2254, Rule 11(a). To merit a certificate of appealability, Mr. Glover must show that reasonable jurists would find debatable both (1) the merit of his underlying claims, and (2) the procedural issues that he seeks to raise. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 478 (2000). Mr. Glover has failed to make the requisite showing.

Accordingly, the undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED**.

Mr. Glover's request for permission to proceed in forma pauperis, see [Doc. No. 2], is **GRANTED**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 28th day of August, 2014.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF GEORGIA
                     ATLANTA DIVISION
```

| | | |
|---|---|---|
| ROBERT D. GLOVER, | : | HABEAS CORPUS |
| GDC ID 813029, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-2726-TWT-ECS |
| BRIAN OWENS and GEORGIA | : | |
| DEPARTMENT OF CORRECTIONS, | : | |
|     Respondents. | : | |

### ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the

District Court and any appellate review of factual findings will be limited to a plain error review.  United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 28th day of August, 2014.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

2